STEPHENS and another, Respondents, vs. CHICAGO & NORTHWESTERN RAILWAY COMPANY, Appellant.

*November 7—December 3, 1929.*

182

For the appellant there was a brief by *J. F. Baker* and *Llewellyn Cole,* both of Milwaukee, and oral argument by *Mr. Cole.*

For the respondents there was a brief by *Patrick J. Mc-Caffrey* of Milwaukee, attorney, and *David Gardner, Jr.*, of Platteville, of counsel, and oral argument by *Mr. McCaffrey.*

STEVENS, J.   The case presents the single issue whether there was such unreasonable delay in transporting this shipment as to render the defendant company liable for the loss sustained by the plaintiffs.   It is the duty of carriers to exercise due diligence to run their trains upon scheduled time. *Cohen v. Minneapolis, St. P. & S. S. M. R. Co.* 162 Wis. 73, 79, 155 N. W. 945.   Liability for failure to run upon scheduled time is not established by mere proof of delay. At most proof of delay does no more than to place upon the carrier the duty of explaining the cause of such delay.

The proof here clearly established the fact that the delay in transportation was caused by the failure of shippers to have their stock loaded in time to permit trains to depart on scheduled time.   At Lancaster the loading was not completed until one hour after the train was scheduled to leave. Delays in excess of a half hour were occasioned at each of two stations by the failure of shippers to have their stock loaded when the train arrived.   The time consumed at stations where the train waited for the loading of stock was approximately two and one-half hours.

Carriers are not required to hold their trains in order to permit shippers to complete loading after the train arrives. *Cohen v. Minneapolis, St. P. & S. S. M. R. Co.* 162 Wis. 73, 78, 155 N. W. 945.   But one of the plaintiffs testified that it had been the usual custom for trains to wait for stock to be loaded during the fifteen years that he had been shipping over the defendant's line.   The basis of liability for delayed transportation by rail is negligence,—the failure to exercise due diligence in maintaining train schedules.   Proof of the customary way of performing the duty to transport stock

may be considered in determining whether a carrier has exercised the required degree of care in performance of its duty. When a custom as to the transportation of freight "has been long established and is well known, the parties are supposed silently to adopt the custom as part of the contract, unless it conflicts with its express terms." *Peet v. Chicago & N. W. R. Co.* 20 Wis. 594, 597–8. There is nothing in the written contract which conflicts with this custom of waiting for stock to be loaded.

But plaintiffs contend that the written contract or bill of lading was supplemented by a verbal contract made by defendant's agent at Lancaster that the company would so transport the shipment that it would arrive in Madison in time for delivery at the packing plant before the market closed on the date of shipment. The record does not establish the making of such an agreement. But if the proof did establish such a contract, the agreement cannot be made the basis of liability in this case because the bill of lading provides that "no carrier is bound to transport said live stock by any particular train or vessel or in time for any particular market, or otherwise than with reasonable dispatch." This provision renders inapplicable the rule of *Blodgett v. Abbot,* 72 Wis. 516, 522, 40 N. W. 491, where the bill of lading contained no such provision.

Complaint is made because the time freight which customarily carried the stock from Montfort to Madison was not held for this shipment. In place of the time freight the carrier provided an extra train which made the run from Montfort to Madison faster than the time freight did that day and in less than its scheduled time.

A comparison of train schedules with the running time on the day in question shows that the actual running time of the trains that transported the stock after deducting time spent at stations waiting for stock to be loaded, was thirty minutes less than the scheduled time of the trains on which the Lancaster shipments of stock were customarily trans-

ported.  Allowing for the time necessarily consumed in switching the cars, if they had been loaded before the scheduled time of departure, it is apparent that the running time of the two trains that transported the stock from Lancaster to Madison would have been approximately the same as the scheduled time and that the stock would have arrived in Madison in time for the market, had the carrier not waited for stock to be loaded.

In view of the fact that these delays in waiting for stock to be loaded were in accordance with an established custom, which "the parties are supposed silently to adopt . . . as part of the contract" (20 Wis. 594, 597–8), it must be held that the proof does not sustain the finding of the jury that there was unreasonable delay in transporting the plaintiffs' hogs. It follows that plaintiffs have not established a cause of action and that the judgment must be reversed, with directions to dismiss the complaint.

*By the Court.*—So ordered.